UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD HORN, SR.                                                    CIVIL ACTION

VERSUS                                                                  NO. 20-3323

TRANSDEV SERVICES, INC. ET AL.                          SECTION "S" (3)

REPORT AND RECOMMENDATION

Before the Court is Defendant Transdev Services, Inc.'s Motion to Dismiss Plaintiff's Petition. (Rec. Doc. No. 7). The motion is opposed. (Rec. Doc. No. 19). Having reviewed the pleadings and the case law, the Court rules as follows.

I.     BACKGROUND

This matter was originally filed on October 26, 2020, in Civil District Court for the Parish of Orleans. (Rec. Doc. No. 1-2 at p. 1). The petition was amended on November 12, 2020. (Rec. Doc. No. 1-1 at p. 13). On December 12, 2020, defendant, Transdev, removed the case to this Court. (Rec. Doc. No. 1).

The petition, as amended, alleges the following facts. Plaintiff, Ronald Horn, Sr. ("Plaintiff" or "Horn"), was a transportation operator employed by RTA, the predecessor of Transdev Services, Inc. ("Transdev"), from 1994 to 2009, and Transdev from 2009 to 2019. (Rec. Doc. No. 1-1 at p. 14). While employed by Transdev, Horn was a member of the Amalgamated Transit Union ("ATU"), the exclusive collective bargaining representative for Transdev employees. (*Id.*).

As a member of ATU, Horn was asked to sign an ATU Constitution, which offered ATU members certain privileges, protections, and benefits. (*Id.*) Under the terms of the ATU Constitution and a collective bargaining agreement between Transdev and ATU, Horn could only be discharged from his employment for "just cause." (*Id.*) Horn was also entitled to union

representation that included a union steward to address potential grievances for violations of the collective bargaining agreement. (*Id.*)

On April 11, 2019, Transdev's Human Resources Department offered to promote Horn to an Operations Training Instructor position. (*Id.*). Horn accepted the position and was given a start date of April 22, 2019. (*Id.* at 14-15). This position was highly sought by many applicants, including Valarie Jefferson, local union president and business agent of Amalgamated Transit Union Local 1560 ("ATU Local 1560"), who applied for the Operations Training Instructor position after Horn accepted the position. (*Id.*).

On April 24, 2019, Transdev's Executive Director, Darryl Simpson, asked Horn to re-interview for the Operator Training Instructor position. (*Id.* at 15). Horn refused on the basis that he had already accepted the position and had completed a full day of training. (*Id.*). After the meeting, Horn was instructed to await further instruction but was never called back in to complete his training for the Operations Training Instructor position. (*Id.*).

On May 17, 2019, via certified letter, Transdev asked Horn to return to his position as Operator. (*Id.*). Plaintiff claims that this letter effectively constructively discharged him from the Operations Training Instructor position. (*Id.* at 15). Consequently, Horn filed a grievance with the ATU regarding his removal. (*Id.*). In addition, Plaintiff did not immediately return to the Operator position as instructed and instead opted to use vacation time. (*Id.*) While on vacation, Horn attempted to follow up with ATU representatives regarding his grievances against Transdev, but no immediate action was taken. (*Id.* at 16).

On June 6, 2019, Horn filed formal charges against Transdev with the National Labor Relations Board ("NLRB"). (*Id.*) On September 10, 2019, after union members voted not to pursue arbitration, Horn filed formal charges against ATU Local 1560 with the NLRB for breach of

contract and its duty of fair representation. (*Id*.). In response to Plaintiff's NLRB complaint, the ATU denied all material claims. (*Id*.).

Horn believes that his removal was requested by Valerie Jefferson. (*Id*. at 15). He alleges that Ms. Jefferson conspired with Transdev executives to have him removed from the Operations Training Instructor position and without just cause. (*Id*.).

Horn asserts causes of action for breach of contract, violations of the Labor Management Relations Act ("LMRA"), violations of the National Labor Relations Act ("NLRA"), discrimination on the basis of sex, and civil conspiracy. (*Id*. at 17-19). Transdev now moves to dismiss each of these claims under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    LAW AND ANALYSIS

### A.  Standard for a Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 at 678. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Lormand*, 565 F.3d at 255-57. A court considering a motion to

dismiss "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Attachments to a motion to dismiss are, however, "considered part of the pleadings" if "they are referred to in the plaintiff's complaint and are central to her claim." *Id.* "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.*

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir.1995) (citing *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir.1992)). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1390 (5th Cir.1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 160 (5th Cir.1996).

**B.  Preemption of State Law Breach of Contract Claims**

Transdev argues that the state law breach of contract claim asserted by Horn is preempted by section 301 of the LMRA. The petition alleges that "defendants breached their contractual obligation to Petitioner as set forth in the collective bargaining agreement to which they were all bound…." (Rec. Doc. No. 1-1 at p. 17, ¶18). Plaintiff further alleges that "Defendants are each

liable for breach of contract insofar as they violated the terms of the collective bargaining agreement….” (*Id*. at ¶19).

The Court agrees that the asserted breach of contract claim is preempted by section 301 of the LMRA which expressly “provides the requisite jurisdiction and remedies for individual employees covered under a collective-bargaining agreement between that individual's employer and the union.” *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994) (citing *Landry v. Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 850 (5th Cir. 1989)). Section 301 of the LMRA provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The preemptive effect of this section applies to causes of action arising out of contract and tort, and “[p]reemption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement.” *Thomas*, 39 F.3d at 616–17. (internal citations omitted). Those claims that only tangentially involve provisions of collective-bargaining agreements, however, are not preempted by section 301. *Id.* at 617 (citing *Lingle v. Norge Div., Magic Chef, Inc.*, 486 U.S. 399, 406–07, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988)).

In this case, Horn’s breach of contract claim is “inextricably intertwined” with the collective bargaining agreement in that it expressly seeks damages for breach of obligations under the collective bargaining agreement. The claim asserted by Horn would, therefore, require this Court to interpret the terms of the collective bargaining agreement. Specifically, Horn has alleged

that, *inter alia*, pursuant to the collective bargaining agreement, he could only be discharged for just cause. Horn also contends that any violation of his rights under the collective bargaining agreement entitles him to union representation. (Rec. Doc. No. 1-1 at p. 14, ¶7). Such allegations require that the Court decide whether the actions of Transdev in discharging Horn fall within the scope of the agreement or whether it was violated. The latter giving rise to his entitlement to union representation. Therefore, because the breach of contract claim requires this Court to decide what actions fall within the terms of the collective bargaining agreement, such a claim is preempted by section 301 of the LMRA.

### C. Timeliness of claims under the collective bargaining agreement.

Defendant argues, and Plaintiff does not dispute, that Plaintiff has pled a hybrid section 301/duty of fair representation suit against Transdev, ATU, and ATU Local 1560. Transdev argues that any such claims are subject to a six-month statute of limitations, which had already run by the time Plaintiff filed his petition for damages in state court on October 26, 2020. Plaintiff essentially argues that his NLRB charge was filed within the six-month statute of limitations, and that because the NLRB charge was still pending at the time the instant lawsuit was filed, his claims have not prescribed.

At the motion to dismiss stage, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."*Babin v. Caddo E. Ests. I, Ltd.*, No. CIV.A. 10-896, 2014 WL 5465822, at *4 (E.D. La. Oct. 28, 2014) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003)). Although the Fifth Circuit has not expressly decided the issue of whether the filing of an NLRB charge tolls the statute of limitations for a section 301 claim, the court has suggested that the issue would be decided to the contrary. *Gray v. Loc. 714, Int'l Union of Operating*

*Engineers*, 778 F.2d 1087, 1089 (5th Cir. 1985) (citing *Kolomick v. United Steelworkers of America, District 8,* 762 F.2d 354 (4th Cir.1985); *Boyd v. Teamsters Local Union 553,* 589 F.Supp. 794 (S.D.N.Y.1984))("The tolling argument is new to this court, although courts elsewhere have decided it to the contrary."). Furthermore, several circuit courts of appeal have rejected the argument that the filing of a NLRB complaint equitably tolls the state of limitation on hybrid 301 claims. *May v. Plastic Workers Union Loc. 18 (Frank Olvera)*, No. CV B-17-10, 2017 WL 2805189, at *5 (S.D. Tex. June 2, 2017), *report and recommendation adopted in part, rejected in part*, No. CV B-17-010, 2017 WL 2794335 (S.D. Tex. June 28, 2017) (citing *Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union (AFL–CIO, CLC) Local 421 v. A–CMI Michigan Casting Ctr.*, 191 F.3d 764, 769 (6th Cir. 1999); *Conley v. International Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 916 (9th Cir. 1987); *Kolomick*, 762 F.2d at 357). The Court finds their reasoning instructive and persuasive.

"As is the case with a hybrid § 301, the NLRB proceedings were not a prerequisite to this § 301 claim." *Glass*, 191 F.3d at 769. "Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit…. [T]he filing of the NLRB action was merely optional." *Conley*, 810 F.2d at 915–16. Plaintiff was not required to file a NLRB charge before pursuing a section 301 claim in court. Further, the procedure for pursuing relief with the NLRB ran parallel to Horn's ability to pursue relief in court under section 301. *Glass*, 191 F.3d at 769. ("Although the Board's determination would trump a contrary arbitration award, the company's filing of a charge with the NLRB in no way prevented the union from filing an action under Section 301; the two actions are simply parallel avenues of relief."). Accordingly, the six-month statute of limitations applied to Plaintiff's right to pursue his claims in

court and not with the NLRB. Hence, the Court finds that Plaintiff's argument is without merit.

It is well founded that an employee has a six-month period to file suit against an employer and a union under section 301 of the LMRA. *Gray v. Amalgamated Meat Cutters Loc. 540*, 736 F.2d 1055, 1055 (5th Cir. 1984) (citing *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Furthermore, an employee must sue for breach of a collective bargaining agreement within six months of the accrual of his cause of action. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 480 (5th Cir. 1991) (citing *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983)). The statute of limitation begins to run when the plaintiff either knew or should have known of the injury itself rather than of its manifestations. *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989).

Here, Horn received a letter from Transdev asking him to return to his position as an Operator on May 17, 2019. Horn claims that this letter served as a discharge without just cause from the Operations Training Instructor position. (Rec. Doc. No. 1-1 at p. 15, ¶10). Thereafter, on June 6, 2019, Plaintiff filed a charge against Transdev with the NLRB. (*Id*. at p. 16, ¶14). The petition filed by Plaintiff is unclear as to when he formally submitted his grievance to ATU, but it was sometime subsequent to his receipt of the May 17, 2019 letter. Plaintiff alleges that he contacted ATU regarding the action on his grievance, but no immediate action was taken. Sometime between May 17, 2019, and September 10, 2019, Horn was informed that union members would not pursue arbitration on his grievance. Subsequently, on September 10, 2019, Plaintiff filed a complaint against ATU Local 1560 based on breach of contract and breach of the duty of fair representation. (*Id*. at p. 16, ¶¶14, 17).

8

Based on the allegations of the petition, Plaintiff knew or should have known of the breach of the collective bargaining agreement by Transdev and ATU by June 6, 2019, or September 10, 2019 at the latest. The NLRB charges were undoubtedly based on Transdev's alleged constructive discharge of Plaintiff without just cause and the failure of ATU and ATU Local 1560 to provide representation to Plaintiff in accordance with the collective bargaining agreement. Therefore, Horn knew or should have known of his injury at the time he filed his NLRB charges. Plaintiff filed his petition in state court on October 26, 2020—more than a year after June 6, 2019 and September 10, 2019. Thus, the section 301 claims are untimely.

The Court also finds that equitable tolling is not applicable in this case. A litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (citations and quotations omitted). The first element requires the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence. *Id*. The second element requires the litigant to establish that an extraordinary circumstance beyond his control prevented him from complying with the applica|Horn argues that Defendants led him to believe that his only recourse was filing a charge with the NLRB against ATU and Transdev. However, the petition provides no facts that indicate how Transdev, ATU, or ATU Local 1560 prevented Horn from complying with the six-month statute of limitations. Moreover, a claimant's ignorance of the law cannot justify tolling. *Tillison v. Trinity Valley Elec. Co-op. Inc.*, 204 F. App'x 346, 348 (5th Cir. 2006) (citing *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir.2002)). That Horn did not know that he could also file a charge with the NLRB while simultaneously pursuing his section 301 claim in court is not enough

to justify tolling the six-month statute of limitations. Therefore, the Court does not find that Plaintiff has carried his burden of proving that some extraordinary circumstance beyond his control prevented him from complying with the six-month statute of limitations.

### D.  Subject matter jurisdiction over claims involving the NLRA

Transdev argues that this Court lacks subject matter jurisdiction over any claims that Transdev violated the NLRA.  The Court agrees.

NLRA preemption is an issue of subject matter jurisdiction. *Smith v. Houston Oilers, Inc.*, 87 F.3d 717, 721 (5th Cir. 1996) (citing *International Longshoremen's Ass'n, AFL–CIO v. Davis*, 476 U.S. 380, 389–93 (1986)). "As a general rule, federal courts do not have jurisdiction over activity which 'is arguably subject to § 7 or § 8 of the [NLRA],' and they 'must defer to the exclusive competence of the National Labor Relations Board.'" *U.A. 198 Health & Welfare, Educ. & Pension Funds v. Rester Refrigeration Serv., Inc.*, 790 F.2d 423, 425 (5th Cir. 1986). In order to preserve the primary jurisdiction of the NLRB, the NLRA requires that courts not regulate activities "when it is clear or may fairly be assumed that [such] activities ... are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8." *Branson v. Greyhound Lines, Inc., Amalgamated Council Ret. & Disability Plan*, 126 F.3d 747, 750 (5th Cir. 1997)

Section 8(a) of the NLRA provides, in relevant part, that "[i]t shall be an unfair labor practice for an employer—(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [NLRA § 7]." 29 U.S.C. § 158(a). Section 7 of the NLRA in turn states:

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain

> from any or all of such activities except to the extent that such right may be affected
> by an agreement requiring membership in a labor organization as a condition of
> employment as authorized in section 158(a)(3) of this title.

29 U.S.C. § 157. "When an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *Garmon,* 359 U.S. at 245, 79 S.Ct. at 780.

Plaintiff alleges that "Defendants are liable for engaging in unfair labor practices that violate the National Labor Relations Act." (Rec. Doc. No. 1-1 at p. 18, ¶21). Specifically, Plaintiff alleges that Transdev attempted to "stifle and discourage union activity amongst employees…." (*Id*.). It is clear from the face of the petition that Horn is alleging Transdev violated the NLRA, which prohibits an employer from interfering with or restraining an employee's right to self-organization. The Court lacks subject matter jurisdiction over such claims. Therefore, the Court must defer to the exclusive competence of the NLRB and dismiss Plaintiff's claims against Transdev for violations of the NLRA.

### E.  Sufficiency of Plaintiff's claims under 42 U.S.C. § 1981

Horn alleges that Transdev "discriminated against [him] on the basis his of sex." (Rec. Doc. No. 1-1 at p. 18, ¶22). Plaintiff contends that Transdev was encouraged to "hire a woman for the Instructor position and not a man…," and that Transdev acted on this encouragement in violation of 42 U.S.C. § 1981. (*Id*.). Transdev contends that Horn has failed to state a claim under 42 U.S.C. § 1981 because discrimination on the basis of sex is not a recognizable claim under 42 U.S.C. § 1981. Transdev argues that 42 U.S.C. §1981 only applies to claims of discrimination on the basis of race. Transdev is correct.

11

42 U.S.C. § 1981 does not encompass claims of sex discrimination. (*Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 341 (5th Cir. 1981) ("The principal issue raised by this appeal is whether 42 U.S.C. s 1981, derived primarily from the Civil Rights Act of 1866, 14 Stat. 27, encompasses claims of sex discrimination. The clear answer is that it does not."); *Rhyce v. Martin*, 173 F. Supp. 2d 521, 529 (E.D. La. 2001) ( "…[T]he great weight of authority indicates that § 1981 applies only to instances of racial discrimination and will not support a claim for gender discrimination.").  Such claims of sex discrimination are not encompassed under 42 U.S.C. § 1981 and should be dismissed.

### F.  Exhaustion of administrative remedies

Transdev argues that any claims under Title VII must be dismissed because Horn has failed to plead facts to show that he filed a timely charge with the EEOC, or that he received a notice of right to sue from the EEOC.

Title VII disallows discrimination in hiring or termination of an individual based on his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id*. (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir.1996)). Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Id*. (citing *Dao*, 96 F.3d at 789).

The pleadings contain no allegations evincing Horn's efforts to exhaust administrative remedies or a notice of right to sue from the EEOC. In fact, there is no mention of the EEOC in

the entirety of the petition. Therefore, Plaintiff's Title VII cause of action against Transdev is dismissed without prejudice due to his failure to exhaust administrative remedies.

### G.  Timeliness of Plaintiff's state law claims

Horn alleges that Transdev discriminated against him in violation of Louisiana Employment Discrimination Law. (Rec. Doc. No. 1-1 at p. 18, ¶22). Horn also alleges Valerie Jefferson conspired with Transdev executives to have him removed from the Operations Training Instructor position without just cause. (*Id*. at p. 15, ¶12). Horn contends that "Defendants are liable for a civil conspiracy as they knowingly agreed, contrived, combined, and conspired among themselves to cause [Plaintiff's] losses by willfully misrepresenting and suppressing the truth as to the reasoning for [Plaintiff's] unlawful discharge…." (*Id*. at p. 18, ¶23).  Transdev argues that the asserted state law civil conspiracy and employment discrimination claims have prescribed.

Any cause of action under Louisiana Employment Discrimination Law shall be subject to a prescriptive period of one year. La. Stat. Ann. § 23:303(D). Prescription begins to run on the date of the allegedly discriminatory termination. *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 417 (E.D. La. 2016) (citing *Williams v. Cardinal Health 200, LLC*, 948 F.Supp.2d 652, 660 (E.D.La.2013) (citing La. Rev. Stat. § 23:303(D)); *Bellow v. Bd. of Supervisors*, 913 F.Supp.2d 279, 289 (E.D.La.2012), *aff'd*, 550 Fed. App'x. 181 (5th Cir.2013) (citing La. Rev. Stat. § 23:303(D)); *Eastin v. Entergy Corp.*, 865 So.2d 49, 53–54 (La.2004))). The one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. La. Stat. Ann. § 23:303(D).

Louisiana law provides a one- year prescriptive period for civil conspiracy claims as they are delictual actions. *Robinett v. Delgado Cmty. Coll.*, No. CIV.A.99-2545, 2000 WL 1720553, at

*4 n. 3 (E.D. La. Nov. 17, 2000), *aff'd*, 273 F.3d 1095 (5th Cir. 2001) ("This same prescriptive period applies to plaintiff's proposed state-law conspiracy claim. La. Civ. Code art. 2324 (civil conspiracy is a delictual claim); La. Civ. Code art. 3492 (one-year prescriptive period for delictual actions)").The prescriptive period "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements,* 832 F.2d 332, 334 (5th Cir.1987). For civil conspiracy claims, prescription begins to run "as soon as plaintiff knew or should have known of the overt acts involved in the alleged conspiracy." *Id.*

At the outset, the Court notes that there is no allegation – and the parties do not contend – that an administrative review or investigation before the EEOC or the Louisiana Commission on Human Rights is pending. Therefore, the Court will not consider any suspension of prescription regarding the Louisiana Employment Discrimination Law claims asserted by Horn. Plaintiff alleges that the date of his alleged discriminatory discharge was May 17, 2019. (Rec. Doc. No. 1-1 at p. 15, ¶10). The instant suit was initiated on October 26, 2020 – more than one year after his discharge. Therefore, the alleged Louisiana Employment Discrimination Law claims have prescribed and should be dismissed.

The civil conspiracy claims suffer a similar fate. Horn was aware of the overt acts in the alleged conspiracy or that he suffered an injury (or had sufficient information to know that he was injured) by May 17, 2019, when he alleges that he was constructively discharged by Transdev. (Rec. Doc. No. 1-1 at p. 15, ¶10). At the latest, the claims asserted by Horn became ripe when he filed his NLRB charge against Transdev on June 6, 2019. (*Id*. at p. 16, ¶14). In either scenario, the state law civil conspiracy claims are untimely as the petition was filed more than one year after

14

either date. Accordingly, the state law claims for civil conspiracy are untimely and should be dismissed.[1]

## III.  CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Transdev Services, Inc.'s Motion to Dismiss Plaintiff's Petition (Rec. Doc. No. 7) be GRANTED, and that:

(a)  the state law breach of contract claim be DISMISSED WITH PREJUDICE as preempted by the LMRA;

(b)  the section 301 claims based on the collective bargaining agreement be DISMISSED WITH PREJUDICE;

(c)  the claims under the NLRA be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

(d)  the sex discrimination claim under 42 U.S.C. § 1981 be DISMISSED WITH PREJUDICE;

(e)  the claims under Title VII be DISMISSED WITHOUT PREJUDICE;

(f)  the claims under Louisiana Employment Discrimination Law and for civil conspiracy be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district

---

[1] The Court notes that Transdev argues that Plaintiff has failed to state a claim for civil conspiracy. However, as the Court finds that Plaintiff's civil conspiracy claims are untimely, the Court need not decide this issue at this time.

judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 29th day of July, 2021.

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**